**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ANDERSON,<br><br>         Petitioner - Appellant,<br><br>  v.<br><br>AL HENTON; et. al.,<br><br>         Respondents - Appellees. | No. 07-16921<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted October 5, 2010 [**]
San Francisco, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY, [***] District
Judge.

      Appellant David Anderson appeals from the district court's dismissal of his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral
argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

Petition for Writ of Habeas Corpus for failure to assert a federal right cognizable under 25 U.S.C. § 1303 of the Indian Civil Rights Act.  We review de novo the district court's decision to deny a petition for habeas corpus.  Cooke v. Solis, 606 F.3d 1206, 1212 (9th Cir. 2010); Means v. Navajo Nation, 432 F.3d 924, 928 (9th Cir. 2005).

Our review of this case begins and ends with the fact that Anderson's claim has been appealed to and decided by the Gila River Indian Community ("GRIC") Court of Appeals.  Thus, we need not and do not resolve the issue of whether Anderson's ground for habeas relief was a federal right cognizable under 25 U.S.C. § 1303.

Generally, we will not consider facts outside the record developed before the district court.  See Daly-Murphy v. Winston, 837 F.2d 348, 351 (9th Cir. 1987).  However, this court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); Bryant v. Carleson, 444 F.2d 353, 357 (9th Cir. 1971) (court took judicial notice of proceedings and filings in other courts, including a decision of the California Supreme Court issued while the parties' appeal in the federal case was pending).  Here, the proceedings before the GRIC

2

Court of Appeals are "directly related" to this appeal and are, in fact, dispositive. Therefore, we take notice of the court's final judgment, <u>Gila River Indian Cmty. v. Anderson</u>, AC-2003-007 (Gila River Indian Cmty. Tribal Ct. App., July 13, 2010).

Anderson's argument boils down to a claim that the trial judge was improperly in the office. In its July 13, 2010 order, the GRIC Court of Appeals held as a matter of tribal law that Anderson's conviction and sentence by Judge Jackson-Louis were valid pursuant to the de facto officer doctrine, under which an official's actions remain valid despite questions of an officer's legitimacy. <u>See</u> <u>In re Estate of de Escandon</u>, 159 P.3d 557, 559 (Ariz. Ct. App. 2007) (expanding de facto officer doctrine to judges and judges <u>pro tempore</u>). Accordingly, because Judge <u>Pro Tempore</u> Jackson-Louis had judicial authority to preside over Anderson's trial and sentence under tribal law, Anderson's constitutional rights were not violated. Therefore, the district court properly dismissed Anderson's Petition for Writ of Habeas Corpus. <u>See</u> 25 U.S.C. § 1303.
AFFIRMED.